UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

OTTLITE TECHNOLOGIES, INC.,

    Plaintiff,

v.                                Case No. 8:09-cv-608-T-33TBM

VERILUX, INC.,

    Defendant.
_____/

**<u>ORDER</u>**

This matter is before the Court pursuant to Defendant Verilux, Inc.'s Motion to Dismiss or Transfer Venue (the "Motion" Doc. # 15), filed on June 16, 2009. On July 10, 2009, Plaintiff Ottlite Technologies, Inc. filed its Memorandum of Law in Opposition to the Motion (Doc. # 22). Upon due consideration, the Court will deny the Motion.

**I.   <u>Facts and Procedural History</u>**

According to the Amended Complaint, Ottlite is a Delaware corporation with its principal place of business in Tampa, Florida. (Doc. # 11 at ¶ 2.) Verilux is a Connecticut corporation with its principal place of business in Waitsfield, Vermont. (<u>Id.</u> at ¶ 3.) Ottlite "promotes, markets, offers for sale and sells goods in the field of lamps" including but not limited to the "3-in-1 Craft Lamp." (<u>Id.</u> at ¶ 7.)

1

Verilux owns the '867 Patent for a "Configurable Lamp Set." (Id. at ¶¶ 9-12). Verilux's attorneys wrote a letter accusing Ottlite's 3-in-1 Craft Lamp of infringing Verilux's '867 Patent. (Id. at ¶ 19.) Ottlite indicates that it "has a reasonable fear and apprehension that Verilux will commence an action for patent infringement." (Id. at 20.) Thus, Ottlite filed suit on March 31, 2009, in this Court requesting a declaratory judgment of non-infringement. (Doc. # 1.) On June 1, 2009, Ottlite filed an amended complaint seeking a declaration (1) that the '867 Patent is invalid, or, in the alternative; (2) that Ottlite's lamps do not infringe the '867 Patent; and (3) that Verilux engaged in inequitable conduct and fraud on the Patent and Trademark Office. (Doc. # 11.)

Verilux filed the Motion on June 16, 2009, arguing that this Court should transfer this case to the District of Connecticut because a parallel action between the parties for patent infringement is pending there. Verilux asserts that transfer is warranted because Ottlite filed the present action in an effort to "forum shop" and abuse the Declaratory Judgment Act.[1] Verilux also argues that Connecticut is the

---

[1] Citing Justice Brennan's dissent in Perez v. Ledesma, 401 U.S. 82, 119 n.12 (1971), Verilux remarks that "the federal declaratory judgment is not a prize to the winner of a race to the courthouse[]." (Doc. # 16 at 7.)

most convenient forum for the adjudication of the parties' dispute because the inventor, Edmund Farmer, resides in Connecticut.

Ottlite, on the other hand, submits that venue is proper and most convenient in the Middle District of Florida. (Doc. # 22.)

For the reasons that follow, Verilux's Motion will be denied.

## II. **Analysis**

As noted, several months after Ottlite initiated this action, Verilux initiated a patent infringement action against Ottlite in the United States District Court for the District of Connecticut. (Case 3:09-cv-717-JCH). Shortly after the Connecticut action was initiated by Verilux, Ottlite moved to transfer the Connecticut action to the Middle District of Florida. (3:09-cv-717 Doc. # 10). On August 21, 2009, the Connecticut Court issued a lengthy and detailed order that granted Ottlite's motion to transfer the Connecticut action to this Court. Among other things, the Connecticut Court reasoned that:

> The Florida action was filed over a month before this action and asserts nearly identical claims. There are no "special circumstances" requiring an exception to the general rule favoring transfer to the forum of the first-filed action. The balance

of the conveniences favors transfer to the Middle
District of Florida.

(3:09-cv-717 Doc. # 24).[2]  This Court stands in agreement with the Connecticut Court.  There is no basis to transfer this case to another District.  This Court finds it unnecessary to duplicate the thorough analysis set forth by the Connecticut Court.

Upon due consideration, this Court determines that Ottlite's complaint against Verilux was the first filed and no special circumstances warrant an order overriding Ottlite's choice of forum.  See <u>Genentech v. Eli Lilly & Co.</u>, 998 F.2d 931, 937 (Fed. Cir. 1993)("The general rule favors the forum of the first-filed action, whether or not it is a declaratory action").[3]  In addition, the balances of the conveniences favor litigating this case Ottlite's sole place of business: Tampa, Florida.  This Court has no reason to doubt Ottlite's assertion that "both parties are sophisticated business entities with comparable means, and this Action in the Middle District of Florida poses no substantial burden on Verilux."

---

[2] After Verilux's patent infringement action was transferred to this Court by the Connecticut Court, this Court consolidated the two cases together. (Doc. # 33.)

[3] This is a patent case, therefore, the Court has evaluated the law of the Federal Circuit.

(Doc. # 22 at 20).

Accordingly, it is

**ORDERED ADJUDGED** and **DECREED** that**:**

Defendant Verilux, Inc.'s Motion to Dismiss or Transfer Venue (Doc. # 15) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 14th day of January 2010.

*/s/ Virginia M. Hernandez Covington*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record